IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| YANG MING MARINE TRANSPORT CORPORATION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:12-CV-578-N |
| SIPAC RECYCLING, LLC, INDUS LOGISTICS, LLC, LONE STAR FOXHALL, LLC, and WEIR BROS., INC. *in personam*, and THE 81 MARINE CARGO CONTAINERS and CHASSIS, *in rem*, | § § § § § § § § | |
| Defendants. | § | |

## ORDER

This Order addresses Plaintiff Yang Ming Marine Transport Corporation's ("Yang Ming") motion for partial summary judgment. The Court grants the motion.

### I. THE DISPUTE OVER THE CARGO CONTAINERS AND CHASSIS

Yang Ming is a container ship operator that maintains a fleet of owned and leased marine cargo containers similar to the containers at issue in this case. Yang Ming is also a party to a number of chassis "pooling" agreements that allow container ship operators to use the chassis in a pool to perform various types of container moves. The chassis at issue here are part of pooling agreements.

Plaintiff and Defendant SIPAC Recycling, LLC ("SIPAC") entered into a contract under which SIPAC agreed to ship certain cargo and Yang Ming agreed to make available

ORDER – PAGE 1

vessel capacity adequate to carry SIPAC's cargo.  Defendant Indus Logistics, LLC ("Indus"), a fully owned subsidiary of SIPAC, is an intermodal trucker.  Yang Ming and Indus entered into an agreement under which Yang Ming allowed Indus and SIPAC to use various containers and chassis, charging specified daily rates.  Yang Ming provided Indus and SIPAC with 296 containers, but Indus and SIPAC returned only 215 and refused to deliver the remaining eighty-one.  Yang Ming believed the missing containers and chassis were located on property owned by SIPAC, Lone Star Foxhall, LLC ("Foxhall"), or Weir Bros., Inc. ("Weir").

After negotiations with Yang Ming, SIPAC agreed to return the eighty-one containers and chassis.  SIPAC did not do so, however, and Yang Ming consequently filed this action.  The Court issued a warrant to seize the eighty-one containers and chassis, and the U.S. Marshal seized seventy-seven of them (collectively the "Subject Containers").  Yang Ming itself recovered the other four containers and chassis.  The Subject Containers remain in the custody of the U.S. Marshal.  Yang Ming now moves for partial summary judgment *in rem* for possession of the Subject Containers.  SIPAC, Indus, Foxhall, and Weir failed to respond to Yang Ming's motion.

## II.  YANG MING IS ENTITLED TO SUMMARY JUDGMENT WITH RESPECT TO THE REMAINING SUBJECT CONTAINERS

### A.  *Summary Judgment Standard*

Courts "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).  In making

this determination, courts must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). Courts, however, need not sift through the record in search of triable issues. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006).

The moving party bears the initial burden of informing the court of the basis for its belief that there is no genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this showing, the burden shifts to the nonmovant to establish that there is a genuine issue of material fact such that a reasonable jury might return a verdict in its favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). "Conclusory allegations, speculation, and unsubstantiated assertions" will not suffice to satisfy the nonmovant's burden. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc). Indeed, factual controversies are resolved in favor of the nonmoving party "'only when an actual controversy exists, that is, when both parties have submitted evidence of contradictory facts.'" *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999) (quoting *McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995)).

Federal Rule of Civil Procedure 56 provides the standard under which a court may decide a motion for summary judgment when the nonmovant files no response:

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion . . . [or] grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it . . . ."

ORDER – PAGE 3

Fed. R. Civ. P. 56(e). As the Fifth Circuit has held, "[w]hen a party does not file an opposition to a motion for summary judgment, the district court is permitted to consider the facts listed in support of the motion as undisputed and grant summary judgment if they show that the movant is entitled to judgment in his favor." *Jegart v. Roman Catholic Church of Diocese of Houma Thibodaux*, 384 F. App'x 398, 400 (5th Cir. 2010) (citing *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988)).

Rule D of the Supplemental Rules for Certain Admiralty and Maritime Jurisdiction provides as follows:

> In all actions for possession, partition, and to try title maintainable to the course of the admiralty practice with respect to a vessel, in all actions so maintainable with respect to the possession of cargo or other maritime property. . . the process shall be by a warrant of arrest of the vessel, cargo, or other property, and by notice in the manner provided by Rule B(2) to the adverse party or parties.

RULE D, SUPP. R. FOR ADMIRALTY OR MARITIME CLAIMS AND ASSET FORFEITURE ACTIONS, FED. R. CIV. P. Rule D thus allows an *in rem* action to assert a possessory right to maritime property. Shipping containers are "maritime property" for the purposes of Rule D. *Unitas Fin. Ltd. v. Di Gregorio Navegacao Ltda.*, No. 99-10262, 2000 WL 35795068. at *2 (11th Cir. Apr. 10, 2000); *see also CTI-Container Leasing Corp. v. Oceanic Operations Corp.*, 682 F.2d 377, 380-81 (2d Cir. 1982) ("[A] lease of cargo containers for use on a ship is a maritime contract."). Yang Ming must thus demonstrate that the evidence in the record demonstrates that its right of possession to the Subject Containers is superior to any of the defendants' rights.

ORDER – PAGE 4

### B. Yang Ming Has Demonstrated Its Superior
### Interest in the Subject Containers

Yang Ming points to interchange receipts and inspection reports as evidence of its superior interest in the Subject Containers.  Aff. of William Sullivan [hereinafter "Sullivan Aff.], Ex. E [17-7, 17-8, 17-9].  There are seventy-seven such reports, and they come from Yang Ming's records.  Sullivan Aff. ¶ 5 [17-2].  For the purposes of this motion, the Court considers these facts undisputed.  The Court accordingly finds that Yang Ming's interest in the Subject Containers is superior to that of any defendant.  There is thus no genuine issue of material fact concerning Yang Ming's superior interest, and Yang Ming is entitled to summary judgment awarding it possession of the Subject Containers.

### CONCLUSION

For the reasons stated above, the Court grants Yang Ming's motion for partial summary judgment.  The Court accordingly orders that Yang Ming be granted immediate possession of and access to the seventy-seven marine cargo containers and chassis currently in the possession, custody, and control of the U.S. Marshal.  The subject containers and chassis are identified by container number and chassis number on the attached Exhibit "1."

Signed October 4, 2012.

David C. Godbey
United States District Judge

ORDER – PAGE 5